UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOROTHY R. WEST,　　　　　　　　　　　　　No. 10-10998

　　　　　　Plaintiff,　　　　　　　　　　　　District Judge David M. Lawson

v.　　　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

DETROIT BOARD OF EDUCATION,

　　　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　　/

# REPORT AND RECOMMENDATION

On March 12, 2010, Plaintiff Dorothy R. West filed a *pro se* civil complaint. Because Plaintiff has failed to set forth any basis for federal jurisdiction, I recommend that her complaint be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(1).

## I. BACKGROUND

In her complaint, which is written in narrative form, the Plaintiff states that she was employed by the Detroit Board of Education as a school bus driver until she retired on December 1, 2009. She claims that she has suffered "retaliation and discrimination" at the hands of the Defendant. Because the complaint was vague and unclear as to the basis for federal jurisdiction, I ordered the Plaintiff to file a more definite statement of her claims. *See* Docket #8. On June 17, 2010, she did so, in the form of a letter to the Court. *See* Docket #9.

In both her original complaint and her submission of June 17, 2010, the Plaintiff complains that following an injury, the Defendants did not allow her to see a Board of Education doctor, although she states that she has seen five doctors about back and leg

-1-

pain. She filed a Michigan Worker's Compensation claim. She claims that her pain, which is related to her work as a school bus driver, is continuing, and asks that the Defendant Board of Education be ordered to pay all future medical bills:

> "I am not able to pay the doctor bills. These bills came from the school job related injuries and they should have to pay the bills....The Board of Education is responsible for my Workemens Compensation for my injuries and I want the Court to make them pay because they know that they are wrong and I want them to pay me for all the trouble I have been going [through] all these months." *Plaintiff's Correspondence* [Docket #9], p.2.

In response to this Court's directive that she provide a more definite statement of her claims of discrimination and retaliation, the Plaintiff stated as follows in her June 17th correspondence:

> "I feel that they discriminated and retaliated against me just because I filed the two grievances and filed for Workmen's Compensation before I retired by attempting to put me out of HAP insurance coverage. I also filed charges against Local 214 staff representative (Mr. David Sutton) for not giving union representation because I was a union member on the day I filed the grievances." *Id.*, p.1.

Th Plaintiff also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC report, dated February 26, 2010, is attached to her original complaint. According to this report, her original claim of retaliation and discrimination was based on an alleged violation of the Americans with Disabilities Act.[1] The EEOC investigator noted that following a medical leave, the Plaintiff retired from the Board of Education on December 1, 2009. The report further states, at ¶¶ 5-6:

> 5. On February 16, 2010, I telephoned your residence and your husband, Mr. West, voluntarily informed me that you had retired on December 1, 2009, because your doctors have stated that you could not work any longer; and that this was a Worker's Compensation issue. Further, on February 19, 2010, during our telephone conversation, you were informed of the previously mentioned information. You confirmed that you are unable to

---

[1] Plaintiff does not raise an ADA claim in her complaint. Rather, she claims retaliation for filing a state Worker's Compensation claim.

perform the essential functions of your position; this was a Workers' Compensation issue, and that you had retired on December 1, 2009.

6. EEOC does not have jurisdiction regarding Worker's Compensation or work-related injuries. You may want to contact the U.S. Department of Labor at (866) 487-9243.

The Plaintiff seeks the following remedies, as set forth in her original complaint:

(1) continuation of her medical insurance benefits;

(2) compensation "for the injury that was job related;"

(3) reimbursement for medical bills already paid;

(4) $250,000 in monetary damages;

(5) "I want to file for Workman's compensation while off on medical."

### III. STANDARD OF REVIEW

Because the Plaintiff requested, and has been granted leave to proceed *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides as follows:

> "[T]he court shall dismiss the case at any time if the court determines that-
> 
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief."

This provision applies to all IFP cases, and empowers the Court to *sua sponte* dismiss those complaints that are frivolous or fail to state a claim on which relief can be granted. *Benson v. O'Brian,* 179 F.3d 1014,1015 -1016 ( 6th Cir. 1999) ("If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should *sua sponte* dismiss the complaint"); *McGore v. Wrigglesworth,* 114 F.3d 601, 612 (6th Cir. 1997). A case is frivolous if it lacks arguable basis in either law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition a Court may dismiss a frivolous complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

### III. ANALYSIS

As an initial matter, the Court recognizes that Defendant is unrepresented by counsel. Therefore, her complaint will be liberally construed. *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *United States v. Cagle*, 235 F.R.D.. 641, 644 (E.D. Mich. 2006). Nevertheless, even a *pro se* complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory. " *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988)(internal citations omitted) (emphasis in original).

The one thing that is clear from the Plaintiff's complaint, as well as her June 17th submission, is that she suffered a job-related injury for which she seeks compensation. At its core, this is not a federal claim, but rather a state Worker's Compensation claim. Indeed, Plaintiff applied for, and for a time received Worker's Compensation benefits. Michigan law provides a comprehensive framework for determining eligibility for Worker's Compensation benefits and for administering claims arising out of workplace

injuries. "Indeed, Congress has expressed its intention to limit federal jurisdiction over claims related to alleged violations of state workers' compensation statutes in 28 U.S.C. § 1445(c), which prohibits removal of any civil action "arising under the workmen's compensation laws" of the states." *Jackson v. Sedgwick Claims Management Services, Inc*., 2010 WL 931864, *17, fn. 29 (E.D. Mich. 2010). Moreover, Michigan's Worker's Disability Compensation Act ("WDCA") provides the sole remedy for workplace injuries. *See* M.C.L. § 418.131. Therefore, this Court does not have jurisdiction to consider the Plaintiff's underlying claim or to grant relief based on a workplace injury.

What about the Plaintiff's claim that the Defendants retaliated against her for filing for Worker's Compensation? That claim too is covered by the WDCA, specifically M.C.L. § 418.301(11), which provides :

> "A person shall not discharge an employee or in any manner discriminate against an employee because the employee filed a complaint or instituted or caused to be instituted a proceeding under this act or because of the exercise by the employee on behalf of himself or herself or others of a right afforded by this act."

As such, a Worker's Compensation retaliation claim is exclusively a creature of state law, arising under Michigan's WDCA, and there is no basis for federal jurisdiction. *See Knox v. Roy Jorgensen Associates, Inc.*, 2002 WL 1009715, *2 (E.D.Mich. 2002) (holding that because a Worker's Compensation retaliation claim arises under the WDCA, 28 U.S.C. § 1445(c) precludes removal to federal court).

Finally, while the Plaintiff makes a general claim of "discrimination," she has alleged no facts that would plausibly show, under any federal law, that she is a member of a protected class who was treated differently from similarly situated individuals who are not members of that class. *See Younis v. Pinnacle Airlines, Inc.*, __F.3d__, 2010 WL 2595076 (6th Cir. 2010), *citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93

S.Ct. 1817, 37 L.Ed.2d 668 (1973).

Fed.R.Civ.P. 8(a) requires that a pleading "shall contain...a short and plain statement of the grounds upon which the court's jurisdiction depends...[and] a short and plain statement of the claim showing that the pleader is entitled to relief." Ms. West may or may not have a viable claim under Michigan law, but she has not shown any basis for federal jurisdiction.

### IV.

For these reasons, I recommend that the Court *sua sponte* dismiss Plaintiff's complaint, with prejudice, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(1).

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue

contained within the objections.

        S/R. Steven Whalen
        R. STEVEN WHALEN
        UNITED STATES MAGISTRATE JUDGE

Dated: July 2, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 2, 2010.

        S/G. Wilson
        Judicial Assistant